1  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
2  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
3  Sacramento, California 95814
   Telephone:    (916) 443-6911
4  Facsimile:    (916) 447-8336
   E-Mail:       mark@markmerin.com
5               paul@markmerin.com
6
7  Attorneys for Plaintiff
   FRANCISCO MUNOZ

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                 SACRAMENTO DIVISION

11 FRANCISCO MUNOZ,                          | Case No.

12                 Plaintiff,                | COMPLAINT FOR VIOLATION OF
                                             | CIVIL AND CONSTITUTIONAL RIGHTS
13 vs.
                                             | DEMAND FOR JURY TRIAL
14 BOARD OF TRUSTEES OF THE CALIFORNIA
   STATE UNIVERSITY, SACRAMENTO STATE
15 POLICE DEPARTMENT, MARK IWASA,
   VINCENT BURTON, DOUGLAS NGUYEN,
16 and DOE 1 to 5,
17
                 Defendants.
18

19                    **INTRODUCTION**

20         This action arises from the false arrest and use of excessive force against FRANCISCO MUNOZ

21 by Sergeant VINCENT BURTON and Corporal DOUGLAS NGUYEN, police officers employed by the

22 BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE

23 POLICE DEPARTMENT, and Ex-Police Chief MARK IWASA.

24                 **JURISDICTION & VENUE**

25         1.     This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise

26 under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address

27 deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S.

28 Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

                                      1

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intra-district venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## EXHAUSTION

4.      On July 12, 2021, FRANCISCO MUNOZ submitted a government claim to the BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY via California State University Office of the Chancellor, Risk Management & Public Safety, and SACRAMENTO STATE POLICE DEPARTMENT concerning the claims asserted in this action. The BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE DEPARTMENT failed to respond to the government claim and the government claim was deemed to have been rejected, pursuant to Cal. Gov. Code § 912.4(c).

## PARTIES

5.      Plaintiff FRANCISCO MUNOZ is a resident of the State of California, County of Sacramento.

6.      Defendant BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY is a "public entity" within the definition of Cal. Gov. Code § 811.2, and located in the State of California, County of Los Angeles.

7.      Defendant SACRAMENTO STATE POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2, and located in the State of California, County of Sacramento.

8.      Defendant MARK IWASA, and at all times material herein, was a police chief and law enforcement officer employed by Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE DEPARTMENT, acting within the scope of that employment and under color of state law, including with command, control, and policymaking authority. Defendant MARK IWASA is sued in his individual capacity.

9.      Defendant VINCENT BURTON is, and at all times material herein was, a sergeant and

law enforcement officer employed by Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE DEPARTMENT, acting within the scope of that employment and under color of state law. Defendant VINCENT BURTON is sued in his individual capacity.

10.     Defendant DOUGLAS NGUYEN is, and at all times material herein was, a corporal and law enforcement officer employed by Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE DEPARTMENT, acting within the scope of that employment and under color of state law. Defendant DOUGLAS NGUYEN is sued in his individual capacity.

11.     Defendants DOE 1 to 5 are and/or were agents or employees of Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and/or SACRAMENTO STATE POLICE DEPARTMENT, acting within the scope of that employment and under color of state law. Defendants DOE 1 to 5's true and correct names and identities are not currently known. Defendants DOE 1 to 5 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

12.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### The Use-of-Force and Arrest Incident

13.     On June 4, 2021, in the early evening, Plaintiff FRANCISCO MUNOZ was participating in a bike "ride-out" memorial attended by a large group of young people to celebrate the life of a recently-deceased young bike rider.

14.     Some of the group, including Plaintiff FRANCISCO MUNOZ, stopped at the California State University, Sacramento campus to refill water bottles and to drink from the public water fountain.

15.     One of the bike riders put a folding plastic sign on the bottom step of a staircase and rode up the stairs.

16.     A police officer grabbed the young bike rider and began subjecting him to unnecessary and abusive excessive force, twisting his arms behind his back and attempting to force him to the ground.

17. Plaintiff FRANCISCO MUNOZ began to video-record the police abuse from a respectful distance using his cell phone.

18. Defendant VINCENT BURTON approached Plaintiff FRANCISCO MUNOZ, shortly after Plaintiff FRANCISCO MUNOZ began video recording.

19. Defendant VINCENT BURTON tried to slap the cell phone out of Plaintiff FRANCISCO MUNOZ's hand.

20. Defendant VINCENT BURTON grabbed and squeezed Plaintiff FRANCISCO MUNOZ's neck, cutting off blood circulation to his brain and making him feel faint.

21. Defendant VINCENT BURTON grabbed hold of Plaintiff FRANCISCO MUNOZ's left wrist.

22. Defendant DOUGLAS NGUYEN rushed over and grabbed hold of Plaintiff FRANCISCO MUNOZ's other wrist.

23. Defendants VINCENT BURTON and DOUGLAS NGUYEN pulled and twisted Plaintiff FRANCISCO MUNOZ's arms in different directions, causing severe pain.

24. Plaintiff FRANCISCO MUNOZ feared that the force applied by Defendants VINCENT BURTON and DOUGLAS NGUYEN would cause him serious injury, including breaking his wrists.

25. Plaintiff FRANCISCO MUNOZ fled on foot, away from Defendants VINCENT BURTON and DOUGLAS NGUYEN.

26. Plaintiff FRANCISCO MUNOZ fled several yards away from the site of the assault.

27. Defendant DOUGLAS NGUYEN chased Plaintiff FRANCISCO MUNOZ, armed with a taser.

28. Defendant DOUGLAS NGUYEN shot Plaintiff FRANCISCO MUNOZ in the back with the taser in dart mode.

29. Plaintiff FRANCISCO MUNOZ was rendered incapacitated and defenseless by Defendant DOUGLAS NGUYEN's taser strike.

30. Plaintiff FRANCISCO MUNOZ fell to the ground, clearly in pain.

31. Plaintiff FRANCISCO MUNOZ exhibited signs of physical disability, including the inability to stand or to walk.

32.   Defendant DOUGLAS NGUYEN stood over Plaintiff FRANCISCO MUNOZ, holding the taser with darts attached to Plaintiff FRANCISCO MUNOZ's body.

33.   Defendant VINCENT BURTON approached Plaintiff FRANCISCO MUNOZ.

34.   Defendant VINCENT BURTON pushed a bystander as he approached Plaintiff FRANCISCO MUNOZ, and threatened the bystander, stating: "Do you want to be next?"

35.   Plaintiff FRANCISCO MUNOZ was lying prone and face-down on the ground.

36.   Defendant VINCENT BURTON grabbed Plaintiff FRANCISCO MUNOZ's arms and forcefully pulled his arms up in the air and behind his back.

37.   Defendant VINCENT BURTON drove his left knee into the back of Plaintiff FRANCISCO MUNOZ's neck, bearing down with his bodyweight, compressing Plaintiff FRANCISCO MUNOZ's neck and head into the ground, as he continued to pull Plaintiff FRANCISCO MUNOZ's arms in the opposite direction.

38.   Plaintiff FRANCISCO MUNOZ cried out in pain, asking Defendant VINCENT BURTON to "get off" his head.

39.   Defendant VINCENT BURTON ignored Plaintiff FRANCISCO MUNOZ's pleas.

40.   Plaintiff FRANCISCO MUNOZ was not resisting.

41.   Defendant DOUGLAS NGUYEN grabbed Plaintiff FRANCISCO MUNOZ's right arm, while Defendant VINCENT BURTON pressed his body weight onto Plaintiff FRANCISCO MUNOZ's neck and head.

42.    Defendant VINCENT BURTON drove his right knee into Plaintiff FRANCISCO MUNOZ's back, bearing down with his full bodyweight, compressing Plaintiff FRANCISCO MUNOZ's chest into the ground, as he forcefully and painfully applied handcuffs to Plaintiff FRANCISCO MUNOZ's arms.

43.   Defendants VINCENT BURTON and DOUGLAS NGUYEN lifted Plaintiff FRANCISCO MUNOZ off of the ground by his handcuffed arms.

44.   Plaintiff FRANCISCO MUNOZ had trouble standing due to the injuries he sustained.

45.   Defendants VINCENT BURTON and DOUGLAS NGUYEN dragged Plaintiff FRANCISCO MUNOZ.

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Munoz v. Bd. of Trs. of the Cal. State Univ.*, United States District Court, Eastern District of California, Case No. _____

46.    Defendant VINCENT BURTON grabbed hold of Plaintiff FRANCISCO MUNOZ by his hair.

47.    Defendants VINCENT BURTON and DOUGLAS NGUYEN dragged Plaintiff FRANCISCO MUNOZ to a police car.

48.    Defendant VINCENT BURTON stuffed Plaintiff FRANCISCO MUNOZ roughly into the police car.

49.    Defendant VINCENT BURTON transported Plaintiff FRANCISCO MUNOZ to Defendant SACRAMENTO STATE POLICE DEPARTMENT's police station.

50.    Defendants DOE 1 to 5 interviewed Plaintiff FRANCISCO MUNOZ at the police station.

51.    Defendants VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5 concocted false charges against Plaintiff FRANCISCO MUNOZ, including felony robbery of a police officer's body-worn camera.

52.    Plaintiff FRANCISCO MUNOZ was transported to the Sacramento County Jail.

53.    Plaintiff FRANCISCO MUNOZ was held on $50,000 bail, until he was bailed out.

54.    Plaintiff FRANCISCO MUNOZ was seen at Kaiser Permanente Roseville Medical Center, where he was diagnosed with bleeding in the brain, hemorrhage, and sprained and bruised wrists.

55.    Plaintiff FRANCISCO MUNOZ has experienced great pain and suffering associated with his physical injuries caused by Defendants VINCENT BURTON and DOUGLAS NGUYEN.

**The Post-Incident Statements**

56.    Defendants SACRAMENTO STATE POLICE DEPARTMENT and MARK IWASA made statements to local media following Plaintiff FRANCISCO MUNOZ's arrest, including to CBS Sacramento (<https://youtu.be/Eg7jfO9DIY4>), The Sacramento Bee (<https://www.sacbee.com/news/local/crime/article251929123.html>), and The State Hornet, (<https://statehornet.com/2021/06/sac-state-police-officer-kneeling-cyclists-arrests/>).

57.    Defendants SACRAMENTO STATE POLICE DEPARTMENT and MARK IWASA falsely represented the occurrences on June 4, 2021, including the circumstances of Plaintiff FRANCISCO MUNOZ's arrest and Defendants VINCENT BURTON and DOUGLAS NGUYEN's use-of-force. For example:

6

a.    Defendant MARK IWASA falsely stated that "the crowd, several of them, attacked one of my officers." (<https://youtu.be/Eg7jfO9DIY4>.)

b.    Defendant MARK IWASA falsely stated that Plaintiff FRANCISCO MUNOZ "raised a fist to take a swing at the officers." (<https://www.sacbee.com/news/local/crime/article251929123.html>.)

c.    Defendant MARK IWASA falsely stated that Defendants VINCENT BURTON and DOUGLAS NGUYEN's use-of-force against Plaintiff FRANCISCO MUNOZ was reasonable. (<https://statehornet.com/2021/06/sac-state-police-officer-kneeling-cyclists-arrests/>.)

d.    Defendant MARK IWASA stated that Defendants VINCENT BURTON and DOUGLAS NGUYEN's use-of-force against Plaintiff FRANCISCO MUNOZ was compliant with Defendant SACRAMENTO STATE POLICE DEPARTMENT's "Use of Force" policies. (<https://statehornet.com/2021/06/sac-state-police-officer-kneeling-cyclists-arrests/>.)

e.    Defendant MARK IWASA falsely stated, with regard to Defendant VINCENT BURTON driving his knee into Plaintiff FRANCISCO MUNOZ's neck and compressing his neck and head into the ground: "I don't know if I'd characterize it as leaning on his neck. He certainly had weight on his upper back. But, you know when you're trying to handcuff a person and get their hands behind their back, and they're actively fighting you, you're going to have to hold them down somehow." (<https://statehornet.com/2021/06/sac-state-police-officer-kneeling-cyclists-arrests/>.)

58.    Defendants SACRAMENTO STATE POLICE DEPARTMENT and MARK IWASA knew, or should have known, that Defendant MARK IWASA's statements were false and misrepresentations, based on information that was readily available and contradicted the statements, including video recordings of the police abuse incidents. Defendant MARK IWASA acknowledged that he viewed video recordings of Defendants VINCENT BURTON and DOUGLAS NGUYEN's use-of-force against Plaintiff FRANCISCO MUNOZ, including recordings which has been posted on social media websites. (<https://statehornet.com/2021/06/sac-state-police-officer-kneeling-cyclists-arrests/>.)

**The Post-Incident Criminal Charges**

59.    On June 8, 2021, Plaintiff FRANCISCO MUNOZ was charged by the Sacramento County District Attorney's Office with a misdemeanor violation of Cal. Pen. Code § 148(a)(1). (*People v.*

7

*Munoz*, Superior Court of California, County of Sacramento, Case No. 21MI009574.)

60.     On information and belief, the Sacramento County District Attorney's Office's decision to file criminal charges against Plaintiff FRANCISCO MUNOZ was based on misrepresentations and false reporting by Defendants VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

61.     Plaintiff FRANCISCO MUNOZ has incurred expenses for a private criminal defense attorney.

## POLICY OR CUSTOM ALLEGATIONS

62.     Defendant MARK IWASA was a final policymaking authority for Defendant SACRAMENTO STATE POLICE DEPARTMENT under state law and Defendant SACRAMENTO STATE POLICE DEPARTMENT policies, including Policy 200 ("Organizational Structure and Responsibility"). (<https://www.csus.edu/campus-safety/police-department/_internal/_documents/policy_manual-120web.pdf>.) Defendant MARK IWASA served as Police Chief of Defendant SACRAMENTO STATE POLICE DEPARTMENT from January 2012 until June 30, 2021.

63.     Defendants VINCENT BURTON and DOUGLAS NGUYEN's use of unreasonable and excessive force against Plaintiff FRANCISCO MUNOZ resulted from the existence of a policy or custom maintained by Defendants SACRAMENTO STATE POLICE DEPARTMENT and MARK IWASA; namely, a policy or custom of action that Defendants SACRAMENTO STATE POLICE DEPARTMENT and MARK IWASA knowingly participated in, acquiesced to, and/or they were deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force.

64.     Defendants SACRAMENTO STATE POLICE DEPARTMENT and MARK IWASA's insufficient training, supervision, or control of personnel, including Defendants VINCENT BURTON and DOUGLAS NGUYEN, was a moving force behind and contributed to the use of unreasonable and excessive force against Plaintiff FRANCISCO MUNOZ, resulting in his injuries. Defendants SACRAMENTO STATE POLICE DEPARTMENT and MARK IWASA knew or should have known that personnel under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy or custom, or the result of the lack of policy.

8

65.     Defendants SACRAMENTO STATE POLICE DEPARTMENT and MARK IWASA expressly and impliedly condoned the use of unreasonable and excessive force, emboldening personnel to employ unreasonable and excessive force. Defendants SACRAMENTO STATE POLICE DEPARTMENT and MARK IWASA perpetuated the problem by knowingly turning a blind eye to the abuses, ignoring or refusing to investigate complaints of personnel's misconduct, acquiescing in and implicitly condoning the misconduct by perpetuating a culture of impunity, failing meaningfully to discipline, re-train, or otherwise penalize personnel's misconduct, failing to hold personnel accountable for violations of law or policies, and creating or fostering an environment where subordinate law enforcement officers believed they could act with impunity and "get away with anything."

66.     Defendants SACRAMENTO STATE POLICE DEPARTMENT and MARK IWASA made a conscious and affirmative choice of approving Defendants VINCENT BURTON and DOUGLAS NGUYEN's use-of-force against Plaintiff FRANCISCO MUNOZ. Specifically, Defendant MARK IWASA viewed video recordings of Defendants VINCENT BURTON and DOUGLAS NGUYEN's use-of-force against Plaintiff FRANCISCO MUNOZ, including recordings which has been posted on social media websites (<https://statehornet.com/2021/06/sac-state-police-officer-kneeling-cyclists-arrests/>), and stated:

    a.     that Plaintiff FRANCISCO MUNOZ "raised a fist to take a swing at the officers" (<https://www.sacbee.com/news/local/crime/article251929123.html>);

    b.     that Defendants VINCENT BURTON and DOUGLAS NGUYEN's use-of-force against Plaintiff FRANCISCO MUNOZ was reasonable (<https://statehornet.com/2021/06/sac-state-police-officer-kneeling-cyclists-arrests/>);

    c.     that Defendants VINCENT BURTON and DOUGLAS NGUYEN's use-of-force against Plaintiff FRANCISCO MUNOZ was compliant with Defendant SACRAMENTO STATE POLICE DEPARTMENT's "Use of Force" policies (<https://statehornet.com/2021/06/sac-state-police-officer-kneeling-cyclists-arrests/>); and

    d.     that, with regard to Defendant VINCENT BURTON driving his knee into Plaintiff FRANCISCO MUNOZ's neck and compressing his neck and head into the ground: "I don't know if I'd characterize it as leaning on his neck. He certainly had weight on his upper back. But, you know when

9

1    you're trying to handcuff a person and get their hands behind their back, and they're actively fighting

2    you, you're going to have to hold them down somehow." (<https://statehornet.com/2021/06/sac-state-

3    police-officer-kneeling-cyclists-arrests/>).

**FIRST CLAIM**

**Retaliation**

**(U.S. Const., Amend. I; 42 U.S.C. § 1983)**

67.    Plaintiff FRANCISCO MUNOZ asserts this Claim against Defendants VINCENT BURTON and DOUGLAS NGUYEN.

68.    The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

69.    Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act in the performance of their official duties as law enforcement officers, retaliated against Plaintiff FRANCISCO MUNOZ for engaging in constitutionally protected activity with intent to inhibit that activity, in violation of the First Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

70.    Defendants VINCENT BURTON and DOUGLAS NGUYEN's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

71.    Plaintiff FRANCISCO MUNOZ was injured as a direct and proximate result of Defendants VINCENT BURTON and DOUGLAS NGUYEN's actions and inactions, entitling him to receive compensatory and punitive damages against Defendants VINCENT BURTON and DOUGLAS NGUYEN.

WHEREFORE, Plaintiff FRANCISCO MUNOZ prays for relief as hereunder appears.

**SECOND CLAIM**

**False Arrest**

**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

72.    Plaintiff FRANCISCO MUNOZ asserts this Claim against Defendants VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

10

73. The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

74. Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrested Plaintiff FRANCISCO MUNOZ, without a warrant and without probable cause, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

75. Defendants DOE 1 to 5, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and abetted the false arrest of Plaintiff FRANCISCO MUNOZ, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

76. Defendants VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

77. Plaintiff FRANCISCO MUNOZ was injured as a direct and proximate result of Defendants VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5's actions and inactions, entitling him to receive compensatory and punitive damages against Defendants VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

WHEREFORE, Plaintiff FRANCISCO MUNOZ prays for relief as hereunder appears.

### THIRD CLAIM

**Excessive Force**

**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

78. Plaintiff FRANCISCO MUNOZ asserts this Claim against Defendants MARK IWASA, VINCENT BURTON, and DOUGLAS NGUYEN.

79. The allegations of the preceding paragraphs 1 to 66 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

80. Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiff FRANCISCO MUNOZ, in violation of the Fourth Amendment (as incorporated

11

1  through the Fourteenth Amendment) to the U.S. Constitution.

2      81.    Defendants MARK IWASA, acting or purporting to act under color of state law and as a

3  policymaking authority, maintained policies or customs of action and inaction resulting in harm to

4  Plaintiff FRANCISCO MUNOZ, in violation of the Fourth Amendment (as incorporated through the

5  Fourteenth Amendment) to the U.S. Constitution.

6      82.    Defendants MARK IWASA, VINCENT BURTON, and DOUGLAS NGUYEN's actions

7  and inactions were motivated by evil motive or intent, involved reckless or callous indifference to

8  constitutional rights, or were wantonly or oppressively done.

9      83.    Plaintiff FRANCISCO MUNOZ was injured as a direct and proximate result of

10  Defendants MARK IWASA, VINCENT BURTON, and DOUGLAS NGUYEN's actions and inactions,

11  entitling him to receive compensatory and punitive damages against Defendants MARK IWASA,

12  VINCENT BURTON, and DOUGLAS NGUYEN.

13      WHEREFORE, Plaintiff FRANCISCO MUNOZ prays for relief as hereunder appears.

14  **FOURTH CLAIM**

15  **Rehabilitation Act**

16  **(29 U.S.C. § 701, *et seq*.)**

17      84.    Plaintiff FRANCISCO MUNOZ asserts this Claim against Defendants BOARD OF

18  TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE

19  DEPARTMENT.

20      85.    The allegations of the preceding paragraphs 1 to 66 are realleged and incorporated, to the

21  extent relevant and as if fully set forth in this Claim.

22      86.    Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY

23  and SACRAMENTO STATE POLICE DEPARTMENT each qualify as a "public entity" within the

24  meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. On information and belief, Defendants

25  BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE

26  POLICE DEPARTMENT receive federal financial assistance. Plaintiff FRANCISCO MUNOZ had an

27  impairment that substantially limited one or more major life activities.

28      87.    Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act

12

1   in the performance of their official duties as law enforcement officers, failed reasonably to accommodate

2   Plaintiff FRANCISCO MUNOZ's disability in the course of investigation or arrest, causing greater

3   injury or indignity in that process than other arrestees would experience, with deliberate indifference or

4   reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

5          88.    Defendants VINCENT BURTON and DOUGLAS NGUYEN could have provided a

6   reasonable accommodation for Plaintiff FRANCISCO MUNOZ's disability, after Plaintiff FRANCISCO

7   MUNOZ fell to the ground injured and subdued by Defendant DOUGLAS NGUYEN's taser strike, for

8   example: (a) by refraining from grabbing, pulling, and twisting Plaintiff FRANCISCO MUNOZ's arms

9   behind his back; (b) by refraining from compressing Plaintiff FRANCISCO MUNOZ's neck and head

10  into the ground; (c) by listening to and complying with Plaintiff FRANCISCO MUNOZ's plea to "get

11  off" his head; (d) by refraining from applying handcuffs to Plaintiff FRANCISCO MUNOZ's arms; (e)

12  by applying handcuffs in front rather than behind Plaintiff FRANCISCO MUNOZ's body; (f) by

13  loosening the handcuffs applied to Plaintiff FRANCISCO MUNOZ's arms; (g) by refraining from

14  dragging Plaintiff FRANCISCO MUNOZ by his handcuffed arms; and/or (h) by refraining from

15  grabbing Plaintiff FRANCISCO MUNOZ by his hair.

16         89.    Plaintiff FRANCISCO MUNOZ was injured as a direct and proximate result of

17  Defendants VINCENT BURTON and DOUGLAS NGUYEN's actions and inactions, entitling him to

18  receive compensatory and nominal damages against Defendants BOARD OF TRUSTEES OF THE

19  CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE DEPARTMENT.

20         WHEREFORE, Plaintiff FRANCISCO MUNOZ prays for relief as hereunder appears.

21                              **FIFTH CLAIM**

22                       **Americans with Disabilities Act**

23                       **(42 U.S.C. § 12101, *et seq*.)**

24         90.    Plaintiff FRANCISCO MUNOZ asserts this Claim against Defendants BOARD OF

25  TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE

26  DEPARTMENT.

27         91.    The allegations of the preceding paragraphs 1 to 66 are realleged and incorporated, to the

28  extent relevant and as if fully set forth in this Claim.

92.     Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE DEPARTMENT each qualify as a "public entity" within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104. Plaintiff FRANCISCO MUNOZ had an impairment that substantially limited one or more major life activities.

93.     Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act in the performance of their official duties as law enforcement officers, failed reasonably to accommodate Plaintiff FRANCISCO MUNOZ's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees would experience, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

94.     Defendants VINCENT BURTON and DOUGLAS NGUYEN could have provided a reasonable accommodation for Plaintiff FRANCISCO MUNOZ's disability, after Plaintiff FRANCISCO MUNOZ fell to the ground injured and subdued by Defendant DOUGLAS NGUYEN's taser strike, for example: (a) by refraining from grabbing, pulling, and twisting Plaintiff FRANCISCO MUNOZ's arms behind his back; (b) by refraining from compressing Plaintiff FRANCISCO MUNOZ's neck and head into the ground; (c) by listening to and complying with Plaintiff FRANCISCO MUNOZ's plea to "get off" his head; (d) by refraining from applying handcuffs to Plaintiff FRANCISCO MUNOZ's arms; (e) by applying handcuffs in front rather than behind Plaintiff FRANCISCO MUNOZ's body; (f) by loosening the handcuffs applied to Plaintiff FRANCISCO MUNOZ's arms; (g) by refraining from dragging Plaintiff FRANCISCO MUNOZ by his handcuffed arms; and/or (h) by refraining from grabbing Plaintiff FRANCISCO MUNOZ by his hair.

95.     Plaintiff FRANCISCO MUNOZ was injured as a direct and proximate result of Defendants VINCENT BURTON and DOUGLAS NGUYEN's actions and inactions, entitling him to receive compensatory and nominal damages against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE DEPARTMENT.

WHEREFORE, Plaintiff FRANCISCO MUNOZ prays for relief as hereunder appears.

\ \ \

\ \ \

\ \ \

# SIXTH CLAIM

## False Arrest

## (Cal. Const., Art. I, § 13)

96.     Plaintiff FRANCISCO MUNOZ asserts this Claim against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

97.     The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

98.     Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrested Plaintiff FRANCISCO MUNOZ, without a warrant and without probable cause, in violation of Article I, Section 13 of the California Constitution.

99.     Defendants DOE 1 to 5, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and abetted the false arrest of Plaintiff FRANCISCO MUNOZ, in violation of Article I, Section 13 of the California Constitution.

100.    Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

101.    Defendants VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

102.    Plaintiff FRANCISCO MUNOZ was injured as a direct and proximate result of Defendants VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5's actions and inactions, entitling him to receive compensatory damages against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5; and punitive damages against Defendants

15

1   VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

2        WHEREFORE, Plaintiff FRANCISCO MUNOZ prays for relief as hereunder appears.

3                                **SEVENTH CLAIM**

4                                 **Excessive Force**

5                             **(Cal. Const., Art. I, § 13)**

6        103.    Plaintiff FRANCISCO MUNOZ asserts this Claim against Defendants BOARD OF

7   TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE

8   DEPARTMENT, MARK IWASA, VINCENT BURTON, and DOUGLAS NGUYEN.

9        104.    The allegations of the preceding paragraphs 1 to 66 are realleged and incorporated, to the

10  extent relevant and as if fully set forth in this Claim.

11       105.    Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act

12  in the performance of their official duties as law enforcement officers, used unreasonable and excessive

13  force against Plaintiff FRANCISCO MUNOZ, in violation of Article I, Section 13 of the California

14  Constitution.

15       106.    Defendants SACRAMENTO STATE POLICE DEPARTMENT and MARK IWASA,

16  acting or purporting to act under color of state law and as policymaking authorities, maintained policies

17  or customs of action and inaction resulting in harm to Plaintiff FRANCISCO MUNOZ, in violation of

18  Article I, Section 13 of the California Constitution.

19       107.    Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY

20  and SACRAMENTO STATE POLICE DEPARTMENT are vicariously liable, through the principles of

21  *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately

22  caused by the acts and omissions of their employees acting within the scope of their employment,

23  including Defendants MARK IWASA, VINCENT BURTON, and DOUGLAS NGUYEN.

24       108.    Defendants MARK IWASA, VINCENT BURTON, and DOUGLAS NGUYEN's actions

25  and inactions constituted oppression, fraud, and/or malice resulting in great harm.

26       109.    Plaintiff FRANCISCO MUNOZ was injured as a direct and proximate result of

27  Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO

28  STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, and DOUGLAS NGUYEN's

                                        16

actions and inactions, entitling him to receive compensatory damages against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, and DOUGLAS NGUYEN; and punitive damages against Defendants MARK IWASA, VINCENT BURTON, and DOUGLAS NGUYEN.

WHEREFORE, Plaintiff FRANCISCO MUNOZ prays for relief as hereunder appears.

## EIGHTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

110.    Plaintiff FRANCISCO MUNOZ asserts this Claim against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

111.    The allegations of the preceding paragraphs 1 to 66 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Retaliation

112.    Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act in the performance of their official duties as law enforcement officers, retaliated against Plaintiff FRANCISCO MUNOZ for engaging in constitutionally protected activity with intent to inhibit that activity, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive him of rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Sections 1, 2, and 3 of the California Constitution.

False Arrest

113.    Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrested Plaintiff FRANCISCO MUNOZ, without a warrant and without probable cause, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive him of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

114.    Defendants DOE 1 to 5, acting or purporting to act in the performance of their official

17

duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and abetted the false arrest of Plaintiff FRANCISCO MUNOZ, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive him of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Excessive Force

115.    Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiff FRANCISCO MUNOZ, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive him of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

116.    Defendants SACRAMENTO STATE POLICE DEPARTMENT and MARK IWASA, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiff FRANCISCO MUNOZ, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive him of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Rehabilitation Act & Americans with Disabilities Act

117.    Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act in the performance of their official duties as law enforcement officers, failed reasonably to accommodate Plaintiff FRANCISCO MUNOZ's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees would experience, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive him of rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq*., and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

118.    Defendants VINCENT BURTON and DOUGLAS NGUYEN could have provided a reasonable accommodation for Plaintiff FRANCISCO MUNOZ's disability, after Plaintiff FRANCISCO MUNOZ fell to the ground injured and subdued by Defendant DOUGLAS NGUYEN's taser strike, for

18

example: (a) by refraining from grabbing, pulling, and twisting Plaintiff FRANCISCO MUNOZ's arms behind his back; (b) by refraining from compressing Plaintiff FRANCISCO MUNOZ's neck and head into the ground; (c) by listening to and complying with Plaintiff FRANCISCO MUNOZ's plea to "get off" his head; (d) by refraining from applying handcuffs to Plaintiff FRANCISCO MUNOZ's arms; (e) by applying handcuffs in front rather than behind Plaintiff FRANCISCO MUNOZ's body; (f) by loosening the handcuffs applied to Plaintiff FRANCISCO MUNOZ's arms; (g) by refraining from dragging Plaintiff FRANCISCO MUNOZ by his handcuffed arms; and/or (h) by refraining from grabbing Plaintiff FRANCISCO MUNOZ by his hair.

Common Allegations

119.    Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

120.    Defendants MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

121.    Plaintiff FRANCISCO MUNOZ was injured as a direct and proximate result of Defendants SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5's actions and inactions, entitling him to receive compensatory and treble damages and civil penalties against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5; and punitive damages against Defendants MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

WHEREFORE, Plaintiff FRANCISCO MUNOZ prays for relief as hereunder appears.

## NINTH CLAIM

### False Arrest / Imprisonment

122.    Plaintiff FRANCISCO MUNOZ asserts this Claim against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE

19

1   DEPARTMENT, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

2       123.    The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the

3   extent relevant and as if fully set forth in this Claim.

4       124.    Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act

5   in the performance of their official duties as law enforcement officers, falsely arrested / imprisoned

6   Plaintiff FRANCISCO MUNOZ, without a warrant and without probable cause.

7       125.    Defendants DOE 1 to 5, acting or purporting to act in the performance of their official

8   duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and

9   abetted the false arrest / imprisonment of Plaintiff FRANCISCO MUNOZ.

10      126.    Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY

11  and SACRAMENTO STATE POLICE DEPARTMENT are vicariously liable, through the principles of

12  *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately

13  caused by the acts and omissions of their employees acting within the scope of their employment,

14  including Defendants VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

15      127.    Defendants VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5's actions and

16  inactions constituted oppression, fraud, and/or malice resulting in great harm.

17      128.    Plaintiff FRANCISCO MUNOZ was injured as a direct and proximate result of

18  Defendants VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5's actions and inactions,

19  entitling him to receive compensatory damages against Defendants BOARD OF TRUSTEES OF THE

20  CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, VINCENT

21  BURTON, DOUGLAS NGUYEN, and DOE 1 to 5; and punitive damages against Defendants

22  VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

23      WHEREFORE, Plaintiff FRANCISCO MUNOZ prays for relief as hereunder appears.

24                              **TENTH CLAIM**

25                             **Assault / Battery**

26      129.    Plaintiff FRANCISCO MUNOZ asserts this Claim against Defendants BOARD OF

27  TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE

28  DEPARTMENT, VINCENT BURTON, and DOUGLAS NGUYEN.

                                      20

130.    The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

131.    Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally touched, caused to be touched, or threatened to touch Plaintiff FRANCISCO MUNOZ, without consent, and that touching or threatened touching constituted unreasonable and excessive force.

132.    Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants VINCENT BURTON and DOUGLAS NGUYEN.

133.    Defendants VINCENT BURTON and DOUGLAS NGUYEN's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

134.    Plaintiff FRANCISCO MUNOZ was injured as a direct and proximate result of Defendants VINCENT BURTON and DOUGLAS NGUYEN's actions and inactions, entitling him to receive compensatory damages against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, VINCENT BURTON, and DOUGLAS NGUYEN; and punitive damages against Defendants VINCENT BURTON and DOUGLAS NGUYEN.

WHEREFORE, Plaintiff FRANCISCO MUNOZ prays for relief as hereunder appears.

## ELEVENTH CLAIM

### Intentional Infliction of Emotional Distress

135.    Plaintiff FRANCISCO MUNOZ asserts this Claim against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

136.    The allegations of the preceding paragraphs 1 to 66 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

137.    Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act

1  in the performance of their official duties as law enforcement officers, engaged in outrageous conduct

2  against Plaintiff FRANCISCO MUNOZ which caused severe emotional distress, including retaliation,

3  false arrest / imprisonment, use of excessive force, and disability discrimination.

4       138.    Defendants DOE 1 to 5, acting or purporting to act in the performance of their official

5  duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and

6  abetted Defendants VINCENT BURTON and DOUGLAS NGUYEN's outrageous conduct against

7  Plaintiff FRANCISCO MUNOZ, including false arrest / imprisonment.

8       139.    Defendant MARK IWASA, acting or purporting to act under color of state law and as a

9  policymaking authority, maintained policies or customs of action and inaction which resulted in

10  Defendants VINCENT BURTON and DOUGLAS NGUYEN's outrageous conduct against Plaintiff

11  FRANCISCO MUNOZ, including use of excessive force.

12       140.    Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY

13  and SACRAMENTO STATE POLICE DEPARTMENT are vicariously liable, through the principles of

14  *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately

15  caused by the acts and omissions of their employees acting within the scope of their employment,

16  including Defendants MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

17       141.    Defendants MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1

18  to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

19       142.    Plaintiff FRANCISCO MUNOZ was injured as a direct and proximate result of

20  Defendants MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5's actions

21  and inactions, entitling him to receive compensatory damages against Defendants BOARD OF

22  TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE

23  DEPARTMENT, MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5; and

24  punitive damages against Defendants MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN,

25  and DOE 1 to 5.

26       WHEREFORE, Plaintiff FRANCISCO MUNOZ prays for relief as hereunder appears.

27  \ \ \

28  \ \ \

## TWELFTH CLAIM

### Negligence

143.    Plaintiff FRANCISCO MUNOZ asserts this Claim against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

144.    The allegations of the preceding paragraphs 1 to 66 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

145.    Defendants VINCENT BURTON and DOUGLAS NGUYEN, acting or purporting to act in the performance of their official duties as law enforcement officers, owed Plaintiff FRANCISCO MUNOZ a duty of care and negligently breached that duty, including by engaging in retaliation, false arrest / imprisonment, excessive force, and disability discrimination.

146.    Defendants DOE 1 to 5, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and abetted Defendants VINCENT BURTON and DOUGLAS NGUYEN's negligent conduct against Plaintiff FRANCISCO MUNOZ, including false arrest / imprisonment.

147.    Defendant MARK IWASA, acting or purporting to act under color of state law and as a policymaking authority, maintained policies or customs of action and inaction which resulted in Defendants VINCENT BURTON and DOUGLAS NGUYEN's negligent conduct against Plaintiff FRANCISCO MUNOZ, including excessive force.

148.    Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

149.    Defendants MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

150.    Plaintiff FRANCISCO MUNOZ was injured as a direct and proximate result of Defendants MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5's actions

23

and inactions, entitling him to receive compensatory damages against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5; and punitive damages against Defendants MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5.

WHEREFORE, Plaintiff FRANCISCO MUNOZ prays for relief as hereunder appears.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff FRANCISCO MUNOZ seeks Judgment as follows:

1.      For an award of compensatory, general, special, and/or nominal damages against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5, in excess of $1,000,000, according to proof at trial;

2.      For an award of exemplary/punitive damages against Defendants MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional and statutory rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, or malice resulting in great harm;

3.      For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except that punitive damages are not sought against Defendants BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SACRAMENTO STATE POLICE DEPARTMENT, pursuant to Cal. Civ. Code § 818);

4.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: September 16, 2021

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiff
FRANCISCO MUNOZ

25

1

## JURY TRIAL DEMAND

2
A JURY TRIAL IS DEMANDED on behalf of Plaintiff FRANCISCO MUNOZ.

3
Dated: September 16, 2021                                          Respectfully Submitted,

4

5

6
By: _____

7
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

8

9

10
Attorneys for Plaintiff
FRANCISCO MUNOZ

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28