UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MUNOZ,<br><br>     Plaintiff,<br><br>     v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al.,<br><br>     Defendants. | No. 2:21–cv–1692–MCE–CKD<br><br>ORDER ON MOTION TO COMPEL<br><br>(ECF No. 10) |

Presently before the court is plaintiff Francisco Munoz's motion to compel defendant Board of Trustees of the California State University ("CSU" or "defendant") to furnish responses to his Requests for Production, Set One, and an accompanying request for attorneys' fees in bringing the motion.[1] (ECF No. 10.) The motion was noticed for hearing before the undersigned on March 16, 2022, under Local Rule 251(e). After reviewing the briefing, the court determines this matter is suitable for resolution without oral argument, see E.D. Cal. L. R. 230(g), and therefore vacates the March 16, 2022, hearing. For the following reasons, the court GRANTS IN PART and DENIES IN PART plaintiff's motion to compel.

////

---

[1] This discovery matter is before the undersigned pursuant to Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

**BACKGROUND**

Discovery has only just begun in this excessive-force case filed in September 2021. The complaint arises from the plaintiff's June 4, 2021, arrest on the CSU Sacramento campus by officers of the Sacramento State Police Department, employed by CSU. (ECF No. 1.) The parties held their Rule 26(f) conference on November 29, 2021, and on December 9, 2021, plaintiff propounded the subject Requests For Production, Set One ("RFPs") on defendant CSU. (ECF No. 10.2, Merin Decl., Ex. A.) The RFPs contain 32 requests for production of documents related to the arrest incident as well as the arresting officers' personnel records (including psychiatric evaluations), prior uses of force, and complaint and disciplinary histories. (Id.)

Plaintiff propounded the RFPs via U.S. mail on December 9, and they were received at defense counsel's firm on December 14, 2021. (ECF No. 11.1, Redford Decl., ¶¶ 4-5.) Plaintiff did not email a copy of the RFPs directly to defense counsel, and due to an administrative intake processing error by defense counsel's assistant, defense counsel did not become aware of the RFPs until over one month later on Friday, January 21, 2022. (Redford Decl., ¶¶ 5-6; ECF No. 11.3, Le Decl., ¶¶ 5-6.)

On Monday, January 24, 2022, defense counsel emailed plaintiff's counsel explaining that he had just learned of the outstanding RFPs and requested an extension until February 18, 2022, to serve responses. (Merin Decl., Ex. B.) Plaintiff's counsel responded the same day that he would only agree to the proposed extension if responsive documents would be produced and no objections would be asserted other than attorney-client privilege. (Id., Ex. C (quoting Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) for waiver rule).

For the next month, plaintiff's counsel attempted to confirm defense counsel's position and intentions regarding the overdue discovery responses, without success. (Merin Decl. ¶¶ 5-13.) Defense counsel occasionally responded to plaintiff's outreach, citing high work volume and the need to consult with the senior partner, but repeatedly failed to respond on the dates promised. (Id.) On February 24, 2022, defense counsel called plaintiff's counsel to convey that CSU would be serving responses to the RFPs, including objections—which CSU maintained were not waived—likely within a few weeks. (Id. ¶ 14.) According to defense counsel, on that call the

attorneys also discussed the possibility of using the undersigned's Informal Discovery Conference option to resolve their dispute as to the waiver of objections, agreeing to check with their clients and senior partners and to reconvene. (Redford Decl. ¶ 11.)

The next morning, however, plaintiff's counsel advised that, based on CSU's asserted position on objections and ongoing failure to serve responses, plaintiff would file a motion to compel. (Merin Decl., Ex. I.) The present motion followed within a few hours. (ECF No. 10.) Therein, plaintiff asked the court "to compel responses" to his RFPs and to award $1,900 in attorneys' fees for bringing the motion. (ECF No. 10 at 2 (Notice of Motion); see ECF No. 10.1 at 5, 14-15.)

Plaintiff filed this motion under Local Rule 251(e), which exempts the parties from the standard Joint Statement requirement for discovery disputes when (as relevant here) "there has been a complete and total failure to respond to a discovery request or order." See E.D. Cal. L.R. 251(e) (instead setting schedule for adversarial briefing). On Wednesday, March 2, 2022—three business days after the motion was filed, and one week before the opposition deadline—CSU filed its opposition brief. (ECF No. 11.) In an accompanying declaration, defense counsel averred that he had simultaneously served CSU's responses to the RFPs at issue and that "the majority of all relevant documents (reports; videos; photographs) relating to the subject incident and investigation thereof were produced to Plaintiff." (Redford Decl. ¶ 13.) Defense counsel attached CSU's RFP responses, along with some 90 pages of documents responsive to those requests.[2] (ECF No. 12.1.) CSU's responses assert various objections to each of the 32 RFPs. For some of the RFPs, CSU still produced responsive documents notwithstanding its objections; for others, CSU simply asserts objections; and approximately one-third of the RFP responses state that CSU is still in the process of gathering responsive documents which will be produced once gathered. (Id. at 4-30.)

////

---

[2] It is not clear why the actual discovery documents were filed with the court, as the written responses alone would have been sufficient; but the court granted defendant's post-filing request to file the discovery materials with redaction of personal identifiers. (ECF No. 14.)

3

1    Seeking to save plaintiff further time and expense, the court early on March 4, 2022,
2 issued a Minute Order advising the parties that the court was disinclined to find CSU's objections
3 waived due to untimeliness, and that the court did not intend to rule on the sufficiency of the
4 discovery responses provided, which was beyond the scope of the noticed motion. (ECF No. 14.)
5    That afternoon, plaintiff filed an extensive reply brief, maintaining that his motion was not
6 mooted by the intervening RFP responses and production and that CSU's objections should be
7 deemed waived. (ECF No. 15.)

**DISCUSSION**

**A. Defendant's Objections Were Not Waived**

Unless otherwise agreed, a party must respond in writing within 30 days of being served with a Rule 34 request for production, asserting any applicable objections. Fed. R. Civ. P. 34(b)(2)(A)-(C). Generally, "a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992). However, Rule 33, governing interrogatories, allows courts to excuse a party's failure to timely assert objections "for good cause." Fed. R. Civ. P. 33(b)(4); see Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) (noting failure to object constitutes waiver under Rule 33 "in the absence of an extension of time *or good cause*" (emphasis added)). Although Rule 34 does not contain an analogous express "good cause" exception, courts "generally agree that there is no reason to treat waiver under Rule 34 any different than Rule 33." Ocean Garden Prod. Inc. v. Blessings Inc., 2020 WL 4284383, at *1 (D. Ariz. July 27, 2020) (quoting Liguori v. Hansen, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). Accordingly, courts "retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver." Liguori, 2012 WL 760747, at *11.

It is difficult to square with the above authority plaintiff's insistence—from the very beginning of this discovery dispute—that CSU waived all objections to the subject RFPs by missing the default 30-day response deadline set by Rule 34(b). While the court recognizes the need for zealous advocacy, plaintiff's counsel's conduct here appears overly focused on preventing defendant from asserting objections, rather than working cooperatively to facilitate the

just and speedy resolution of the case or its preparation for trial.

Rule 34(b) does not impose a per se waiver penalty for untimely discovery responses. Cf. Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005) (rejecting a "per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit"). Certainly, courts will not hesitate to order objections waived when a responding party offers no explanation for its failure to respond to discovery requests or when many months go by without a response to the propounding party. See Smith v. County of Sacramento, 2021 U.S. Dist. LEXIS 41069, at *4 (E.D. Cal. Mar. 4, 2021) (which plaintiff cites in his motion); Stewart v. Fu, No. 2:19-CV-0286-JAM-CKD, 2021 WL 516709, at *2 (E.D. Cal. Feb. 11, 2021); Gutterglove, Inc. v. Lasell, No. 2:17-CV-01372-WBS-CKD, 2018 WL 4698325, at *2 (E.D. Cal. Sept. 28, 2018).

But here, defense counsel has provided a swift and sincere explanation for the delayed responses: an inadvertent clerical mistake that prevented the RFPs from making it to his desk within the 30-day window. As soon as defense counsel realized the RFPs were outstanding on January 21, 2022, he contacted plaintiff's counsel (on the next business day) and proposed February 18, 2022, as a date certain for providing responses. Plaintiff's counsel opted not to permit what would have amounted to an approximately 60-day response window—a professional courtesy commonly afforded when extensive discovery is requested, especially at the very beginning of discovery when scheduling deadlines are still far off—unless defendant would concede the waiver of all objections, save attorney-client privilege.

Plaintiff emphasizes defendant's continued failure to provide RFP responses by the promised February 18th deadline, or by the February 25th filing of this motion. However, at least some of that delay was likely attributable to plaintiff's steadfast insistence from the outset that objections were waived—requiring defense counsel to consult with other attorneys and the client in preparation for a discovery dispute, instead of focusing solely on gathering documents and preparing the responses. Indeed, the parties were still trying to resolve their competing views regarding the waiver of objections on February 24th when the possibility of an Informal

////

Discovery Conference was discussed.[3]

Then, once again, plaintiff's counsel chose the most adversarial option, filing the instant motion under Local Rule 251(e), claiming a total break-down in communications with defense counsel, and circumventing the standard Joint Statement requirement. Going forward, the court expects the parties to demonstrate greater willingness to cooperate in good faith, and to attempt to compromise to resolve their discovery differences before seeking judicial intervention.

The court finds good cause to excuse defendant CSU's untimely assertion of objections to the RFPs six weeks beyond the default 30-day deadline. First, there was good cause for missing the default 30-day deadline, given the satisfactory declarations of both defense counsel and his assistant explaining the inadvertent processing error—and defense counsel's month-long lack of knowledge of the RFPs from any other source (including plaintiff's counsel, who never checked on the status of the responses until defense counsel acknowledged his own mistake). Second, contrary to plaintiff's arguments in reply, there was also good cause for the subsequent six weeks that it took for defense counsel to actually provide discovery responses.[4] As the parties are well aware, it takes considerable time and effort to prepare discovery responses, as well as gather responsive documents; and defense counsel went from complete unawareness of the discovery requests on January 21, 2022, to serving all responses and partial production on March 2, 2022. The defense firm's original processing error and defense counsel's lack of communication for many days on end, in the interim, warrants the award of some attorneys' fees. However, the court sees no need to harshly punish defendant CSU for the errors of its counsel by precluding the

---

[3] This dispute, limited in nature yet essential to informing the parties' discovery approach, would have been ideally suited for an Informal Discovery Conference.

[4] Plaintiff's counsel mistakenly argued throughout this dispute that the parties would have to stipulate to an extension of the Rule 34(b) discovery response deadline and have their stipulation approved by the court, based on Local Rule 144. (ECF Nos. 10.1 at 6, 15 at 3.) Local Rule 144 governs changes to *filing* deadlines or other court-imposed deadlines, not out-of-court deadlines such as for discovery responses. See E.D. Cal. L.R. 144(a), (d) (referencing "filing date"). Parties are free to agree between themselves to shorten or extend discovery response timelines to fit the needs of their case. (Of course, any agreement to exceed the discovery cut-off date set by the Scheduling Order would result in the court declining to hear a discovery motion related to the late discovery.) Thus, the lack of a Rule 144(a) stipulation to extend the time for discovery responses does not impact the good cause analysis.

6

assertion of any objections to these extensive discovery requests.

### B. Resolution of Motion

Plaintiff's motion sought simply "to compel responses" to the RFPs at issue. (ECF Nos. 10 at 2, 10.1 at 5.) The motion was premised on plaintiff's position that all objections had been waived by CSU's failure to serve responses within either the original or proposed extended deadline. (ECF No. 10.1 at 7-8.) CSU has now provided responses to all of the RFPs at issue, and the court has found that the asserted objections were not waived under the circumstances.

It is not clear, therefore, what relief plaintiff now seeks. In his reply brief, plaintiff argues at great length that defendant's now-asserted objections are insufficient. (ECF No. 15 at 5-10.) However, plaintiff never specifies what he would like the court to order as a result of these arguable insufficiencies. (Id. at 5 (stating that the objections "fail on the merits"), and 11 (asking the court to "grant the pending motions").) Moreover, the court declines to address these arguments as beyond the scope of the noticed motion and premature, given the lack of prior conferral between the parties. It is the parties' obligation to first meet and confer in good faith regarding the substance of defendant's responses, now that plaintiff has received them. If meet-and-confer produces no satisfactory compromise, either party may seek further judicial intervention—either though a noticed motion or through an Informal Discovery Conference, if the issues are relatively narrow.

Nevertheless, the court recognizes that plaintiff waited a significant time to receive any RFP responses at all and that about one-third of the responses now received (the responses to RFP Nos. 8, 9, 10, 11, 12, 14, 15, 18, 20, 26, and 28) give no assurance as to whether any responsive documents exist or when they will be produced. (See, e.g., ECF No. 12.1 at 8 ("Responding party is in the process of conducting a reasonable and diligent search for documents responsive to this Request and will produce all such documents in its possession, custody and control that can be located upon such search once they have been gathered.").) **Therefore, the court orders defendant CSU within 21 days of this order to serve supplemental responses to the above-identified RFPs, along with all documents responsive thereto which are not being withheld for objections.** Should this prove impracticable, CSU may request a further extension from the

court, with a showing of exceedingly good cause.

In addition, the court notes that despite CSU objecting to the RFPs on the basis of many privileges, the opposition papers make no mention of serving a privilege log.  **Defendant CSU shall also within 21 days of this order provide plaintiff with a privilege log comporting with Rule 26(b)(5)(A) describing any responsive documents being withheld on the basis of privilege (as to all RFPs in Set One)**—if such privilege log has not been produced already.

Finally, the court encourages the parties to submit a stipulated protective order to lessen the privacy concerns at stake in this case and perhaps smooth the discovery process going forward.  See E.D. Cal. L.R. 141.1 (requirements for protective orders).

### C. Attorneys' Fees

Under Rule 37, if "requested discovery is provided after the motion [to compel] was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Id.; see Balla v. Idaho, 677 F.3d 910, 920 (9th Cir. 2012) ("Rule 37(a)(5)(A) requires the court to award attorneys' fees in most circumstances where 'the disclosure or requested discovery is provided after the motion was filed,'" even though the underlying motion is denied as moot).  It is the burden of the party opposing sanctions to establish that one of these exceptions applies. Infanzon v. Allstate Ins. Co., 335 F.R.D. 305, 311 (C.D. Cal. 2020).

Plaintiff seeks attorneys' fees of $1,900 for 6 hours of work preparing this motion to compel, at a rate of $300 per hour for the primary associate (5.5 hours) and $500 per hour for the senior attorney (0.5 hours).  (Merin Decl. ¶¶ 16-18.)  CSU opposes an award of attorneys' fees on the grounds that the failure to provide timely responses was "substantially justified."  (ECF No. 11 at 19.)  See Fed. R. Civ. P. 37(a)(5)(A)(ii).

Despite finding the intake processing error sufficient good cause to excuse defendant's untimely objections, the court cannot agree that this conduct was substantially justified so as to preclude an award of attorneys' fees. The court is convinced this was an inadvertent mistake, but plaintiff still suffered from this mistake (in the form of delayed responses) for which defense counsel's firm should pay some consequence. Moreover, even if there was substantial justification for the initial failure to provide the RFP responses within the default 30-day window, defense counsel makes no attempt to explain his failure to respond to plaintiff's inquiries regarding the status of production for much of February.

Again, the court does not ascribe any dilatory motive to counsel's communication delays, but the timeline of events strongly suggests that plaintiff would have waited several more weeks (at least) to receive the requested discovery responses if he did not seek some form of judicial intervention. Under circumstances like these, where the requested discovery only materializes after the filing of a motion to compel, the Federal Rules require the payment of fees by the party or attorney "whose conduct necessitated the motion." Fed. R. Civ. P. 37(a)(5)(A).

Nevertheless, the court finds it would be unjust to award the full $1,900 requested by plaintiff. See Fed. R. Civ. P. 37(a)(5)(A)(iii) (prohibiting award when "other circumstances make an award of expenses unjust"). Plaintiff's counsel took an exceedingly hardline stance that practically all objections to the RFPs were waived, as his immediate response to defense counsel's prompt and candid notification of a good-faith mistake by his staff. Where the extension of default discovery deadlines will not prejudice a client's ability to obtain discovery within a reasonable time and within the discovery period, professional courtesy should prevail. The court finds a reduced fee of $1,000 to be a reasonable and just award of expenses in this case.

**CONCLUSION**

For these reasons, IT IS ORDERED THAT:

1. The March 16, 2022, hearing on plaintiff's motion to compel (ECF No. 10) is VACATED;
2. Plaintiff's motion to compel and for attorneys' fees (ECF No. 10) is GRANTED IN PART and DENIED IN PART;

9

3. Within 21 days of the date of entry of this order, defendant CSU shall serve on plaintiff supplemental responses and production of documents as described above, along with a privilege log;

4. Within 21 days of the date of entry of this order, defense counsel shall pay plaintiff's counsel the sum of $1,000 for expenses incurred in bringing this motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Defense counsel shall not attempt, directly or indirectly, to recover that amount from the client.

IT IS SO ORDERED.

Dated:  March 9, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.muno.1692