Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8336
E-Mail:          mark@markmerin.com
                 paul@markmerin.com

   Attorneys for Plaintiff
   FRANCISCO MUNOZ

STEVEN J. ROTHANS – State Bar No. 106579
JONATHAN D. REDFORD – State Bar No. 230389
CARPENTER, ROTHANS & DUMONT LLP
500 South Grand Avenue, 19th Floor
Los Angeles, CA 90071
(213) 228-0400
(213) 228-0401 [Fax]
srothans@crdlaw.com; jredford@crdlaw.com

   Attorneys for Defendants
   BOARD OF TRUSTEES OF THE CALIFORNIA
   STATE UNIVERSITY, SACRAMENTO STATE
   POLICE DEPARTMENT, MARK IWASA,
   VINCENT BURTON, and DOUGLAS NGUYEN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| FRANCISCO MUNOZ,<br><br>                  Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5,<br><br>                  Defendants. | Case No. 2:21-cv-01692-MCE-CKD<br><br>**STIPULATED PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION; [PROPOSED] ORDER** |

1

**STIPULATION**

Pursuant to Fed. R. Civ. P. 26(c), E.D. Cal. L.R. 141.1, and 45 C.F.R. § 164.512(e)(1)(v), the parties stipulate to the entry of a qualified protective order as follows:

1.      The parties and their attorneys are authorized to receive, subpoena, and transmit "protected health information" pertaining to Plaintiff and Defendants, to the extent and subject to the conditions outlined herein.

2.      For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3.      All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Plaintiff and Defendants to attorneys representing Plaintiff and Defendants in the above-captioned litigation.

4.      The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiff and Defendants, for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5.      Prior to disclosing protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the protected health information do not use or disclose such information for any purpose other than this litigation.

6.      Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return the protected health information to the covered

2

entity or destroy any and all copies of protected health information, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not authorize either party to seal court filings or court proceedings. A party may seek permission from the Court to file protected health information under seal pursuant to E.D. Cal. L.R. 141.

IT IS SO STIPULATED.

Dated: April 18, 2022

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

*/s/ Mark E. Merin*

By: _____
     Mark E. Merin
     Paul H. Masuhara

     Attorneys for Plaintiff
     FRANCISCO MUNOZ

Dated: April 18, 2022

Respectfully Submitted,
CARPENTER, ROTHANS & DUMONT LLP

*/s/ Jonathan D. Redford*
(as authorized on April 18, 2022)
By: _____
     Steven J. Rothans
     Jonathan D. Redford

     Attorneys for Defendants
     BOARD OF TRUSTEES OF THE CALIFORNIA
     STATE UNIVERSITY, SACRAMENTO STATE
     POLICE DEPARTMENT, MARK IWASA,
     VINCENT BURTON, and DOUGLAS NGUYEN

///

///

///

3

**ORDER**

The parties' stipulation is APPROVED.

IT IS SO ORDERED.

Dated:  April 19, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

**STIPULATED PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION**
*Munoz v. Bd. of Trs. of the Cal. State Univ.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01692-MCE-CKD