1 | Mark E. Merin (State Bar No. 043849)
2 | Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
3 | 1010 F Street, Suite 300
Sacramento, California 95814
4 | Telephone:   (916) 443-6911
Facsimile:   (916) 447-8336
5 | E-Mail:   mark@markmerin.com
   paul@markmerin.com
6
7 |   Attorneys for Plaintiff
   FRANCISCO MUNOZ
8
9 | STEVEN J. ROTHANS – State Bar No. 106579
JONATHAN D. REDFORD – State Bar No. 230389
CARPENTER, ROTHANS & DUMONT LLP
10 | 500 South Grand Avenue, 19th Floor
Los Angeles, CA 90071
11 | (213) 228-0400
(213) 228-0401 [Fax]
12 | srothans@crdlaw.com; jredford@crdlaw.com
13 |   Attorneys for Defendants
   BOARD OF TRUSTEES OF THE CALIFORNIA
14 |   STATE UNIVERSITY, SACRAMENTO STATE
   POLICE DEPARTMENT, CHIEF MARK IWASA,
15 |   SERGEANT VINCENT BURTON, and CORPORAL
   DOUGLAS NGUYEN
16

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| FRANCISCO MUNOZ,<br><br>        Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, DOUGLAS NGUYEN, and DOE 1 to 5,<br><br>        Defendants. | Case No. 2:21-cv-01692-MCE-CKD<br><br>**STIPULATED PROTECTIVE ORDER RE: CSU DISCOVERY;** [PROPOSED] **ORDER** |

1

A.    PURPOSE AND LIMITATION

Defendants believe that the disclosure and discovery activity concerning the materials described in Section C herein is likely to involve production of confidential or private information for which protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Plaintiff has not yet been permitted to view the materials described in Section C. The parties acknowledge that this protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection it affords extends only to the limited information or items that are entitled to such protection under Fed. R. Civ. P. 26(c). The parties further acknowledge that this protective order does not entitle any party to file information designated as protected or confidential under seal, where E.D. Cal. L.R. 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

B.    DEFINITIONS

The following definitions shall apply to this Protective Order:

1.    The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.    "Documents" or "Confidential Documents" shall mean the documents which Defendants designate as "Confidential," as described in Section C.

3.    "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c). Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4.    "Plaintiff" shall mean FRANCISCO MUNOZ.

5.    "Defendants" shall mean the BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT

2

**STIPULATED PROTECTIVE ORDER RE: CSU DISCOVERY**
*Munoz v. Bd. of Trs. of the Cal. State Univ.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01692-MCE-CKD

BURTON, DOUGLAS NGUYEN, and any other Defendants that may subsequently be added to this action (for example, "DOE 1 to 5").

6. "Parties" shall mean Plaintiff and Defendants, as identified above.

## C. INFORMATION COVERED

Covered Information:

Pursuant to E.D. Cal. L.R. 141.1(c)(1), a description of the information eligible for protection under this Protective Order is limited to the following:

1. "2008 Legal Update Course Roster [Nguyen]" (Log No. 4)
2. "2011 Active Shooter Training Receipt Memorandum [Nguyen]" (Log No. 5)
3. "2012 Active Shooter Certificate of Completion [Nguyen]" (Log No. 6)
4. "2013 Active Shooter Emergency Response Performance Level Certificate of Training [Nguyen]" (Log No. 7)
5. "2018 Emergency Care & Safety Institute Certificate of Completion [Nguyen]" (Log No. 8)
6. "2012 Advanced Roadside Impaired Driver Enforcement Certificate of Completion [Nguyen]" (Log No. 9)
7. "2019 Advanced Threat Assessment & Threat Management Continuing Education Certificate [Nguyen]" (Log No. 10)
8. "2007 Preliminary Alcohol Screening Calibration and Operational Use Cetification [Nguyen]" (Log No. 11)
9. "2012 Assertive Supervision Workshop Certificate of Completion [Nguyen]" (Log No. 12)
10. "2019 Assessing Threats and Violence Risk Continuing Education Certificate [Burton]" (Log No. 13)
11. "Authorization To Use Privately Owned Vehicles On State Business [Nguyen]" (Log No. 14)
12. "2020 Avoiding Conflicts of Interest Certificate of Completion [Burton]" (Log No. 15)
13. "2012 Basic EVOC Update Certificate of Completion [Nguyen]" (Log No. 16)

14. "2014 Basic EVOC Update Certificate of Completion [Nguyen]" (Log No. 17)

15. "2004 Basic Intensive Academy Course Completion [Nguyen]" (Log No. 18)

16. "2018 Behavioral Threat Assessment Certificate of Completion [Burton]" (Log No. 19)

17. "2009 Bicycle Patrol Training Certificate [Nguyen]" (Log No. 20)

18. "2013 Bloodborne Pathogen Awareness Certificate of Continuing Education [Nguyen]" (Log No. 21)

19. "2011 Bloodborne Pathogen Awareness Certificate of Continuing Education [Nguyen]" (Log No. 22)

20. "2015 Bloodborne Pathogen Awareness Completion [Burton]" (Log No. 23)

21. "Case Law Today Course Roster [Nguyen]" (Log No. 24)

22. "Case Law Today Course Roster [Nguyen]" (Log No. 25)

23. "Case Law Today Course Roster [Nguyen]" (Log No. 26)

24. "Case Law Today Course Roster [Nguyen]" (Log No. 27)

25. "Case Law Today Course Roster [Nguyen]" (Log No. 28)

26. "2019 CCIC TLO Program Certificate of Completion [Burton]" (Log No. 29)

27. "CLETS Acknowledgement [Nguyen]" (Log No. 30)

28. "2014 Communication: Keeping Your Edge Proof of Completion [Burton]" (Log No. 32)

29. "2014 Communication: Keeping Your Edge Proof of Completion [Nguyen]" (Log No. 33)

30. "2008 Communications Training Sign-In Sheet [Nguyen]" (Log No. 34)

31. "Probation Completion Letter" (Log No. 35)

32. "Memorandum re Corporal Appointment [Nguyen]" (Log No. 36)

33. "Corporal Permanent Assignment Letter" (Log No. 37)

34. "Corporal Promotion Letter" (Log No. 38)

35. "2012 Critical Incident Response Certificate of Training [Nguyen]" (Log No. 39)

36. "Crowd Control Course Roster [Nguyen]" (Log No. 40)

37. "2022 CSUS Disaster & Emergency Preparedness Certificate of Completion [Burton]" (Log No. 41)

38. "2007 Emergency Action Program Training Checklist [Nguyen]" (Log No. 42)

39. "2011 Emergency Action Program Training Receipt [Nguyen]" (Log No. 43)

40. "2021 Sac State Gender Equity and Title IX Certificate of Completion [Burton]" (Log No. 44)

41. "CSU PD Equipment Sign Out Sheet [Nguyen]" (Log No 45)

42. "2013 CSUS Weapons Qualification [Nguyen]" (Log No. 46)

43. "2014 CSUS Weapons Qualification [Nguyen]" (Log No. 47)

44. "Staff Performance Evaluations [Nguyen]" (Log No. 48)

45. "Personnel Transaction Forms" (Log No. 49)

46. "Memorandum" from Office of Human Resources (Log No. 50)

47. "Memorandum" from Office of Human Resources (Log No. 51)

48. "Email" from Office of Human Resources (Log No. 52)

49. "Memorandum" from Mark Iwasa (Log No. 53)

50. "Letter" from Jackie Kernen (Log No. 54)

51. "Memorandum" from Veronica Hedge (Log No. 55)

52. "Letter" from Jackie Kernen (Log No. 56)

53. "Letter" from Jackie Kernen (Log No. 57)

54. "Letter" from Jackie Kernen (Log No. 58)

55. "Letter" from Jackie Kernen (Log No. 59)

56. "Letter re Douglas Nguyen" (Log No. 60)

57. "Letter" from Jackie Kernen (Log No. 61)

58. "Letter" from Jackie Kernen (Log No. 62)

59. "Memorandum re Douglas Nguyen" (Log No. 63)

60. "University Staff Position Description Forms [Nguyen]" (Log No. 64)

61. "Letter" from Jackie Kernen (Log No. 65)

62. "Employment Appointment Form [Nguyen]" (Log No. 66)

63. "Employee Action Request [Nguyen]" (Log No. 67)

64. "New Employee Orientation [Nguyen]" (Log No. 68)

65. "Letter" re Douglas Nguyen (Log No. 69)

66. "Application for Staff Employment [Nguyen]" (Log No. 70)
67. "Basic Intensive Academy Course Completion [Nguyen]" (Log No. 71)
68. "Document Receipt Acknowledgement [Nguyen]" (Log No. 72)
69. "Driver's License Verification [Nguyen]" (Log No. 73)
70. "Pool Position Document [Nguyen]" (Log No. 74)
71. "2020 Data Security and FERPA Certificate of Completion [Burton]" (Log No. 75)
72. "2015 Data Security and Privacy Certificate of Completion [Burton]" (Log No. 76)
73. "2021 Defensive Driver Certificate of Completion [Burton]" (Log No. 77)
74. "2015 Defensive Driver Certificate of Completion [Burton]" (Log No. 78)
75. "Defensive Driver Training [Nguyen]" (Log No. 79)
76. "2020 Discrimination Prevention Program Certificate of Completion [Burton]" (Log No. 80)
77. "DMV Employee Security Statement [Nguyen]" (Log No. 81)
78. "CSUS PD Internal Affairs Investigation File IA2017-A [Burton]" (Log No. 82)
79. "POST Advanced Certificate [Nguyen]" (Log No 83)
80. "POST Advanced Certificate [Burton]" (Log No. 84)
81. "POST Basic Certificate [Nguyen]" (Log No. 85)
82. "POST Basic Certificate [Burton]" (Log No. 86)
83. "POST Intermediate Certificate [Nguyen]" (Log No. 87)
84. "POST Intermediate Certificate [Burton]" (Log No. 88)
85. "POST Supervisory Certificate [Burton]" (Log No. 89)
86. "2015 Domestic Violence Proof of Completion [Burton]" (Log No. 90)
87. "2010 Driving/Force Options Certificate of Attendance [Nguyen]" (Log No. 92)
88. "2015 CA E-Com Privacy Course Roster [Nguyen & Burton]" (Log No. 93)
89. "2016 Eliminate Campus Sexual Violence Certificate of Completion [Nguyen]" (Log No. 94)
90. "2017 Eliminate Campus Sexual Misconduct Certificate of Completion [Nguyen]" (Log No. 95)

91. "2018 Eliminate Campus Sexual Misconduct Certificate of Completion [Nguyen]" (Log No. 96)

92. "2015 Eliminate Campus Sexual Violence Certificate of Completion [Burton]" (Log No. 97)

93. "2015 Emergency Action Training Certificate of Completion [Nguyen]" (Log No. 98)

94. "2017 EVOC Update Certificate of Completion [Nguyen]" (Log No. 99)

95. "2022 EVOC Update Certificate of Completion [Nguyen]" (Log No. 100)

96. "2015 Extended CSA Course Certificate of Completion [Nguyen]" (Log No. 101)

97. "2015 Extended CSA Course Certificate of Completion [Burton]" (Log No 102)

98. "2015 FERPA and Protecting Education Records Certificate of Completion [Burton]" (Log No. 103)

99. "2011 Field Force Extraction Certificate of Completion [Nguyen]" (Log No 104)

100. "2012 Field Training Officer Certificate of Completion [Nguyen]" (Log No. 105)

101. "2018 Field Training Officer Update Certificate of Completion [Nguyen]" (Log No. 106)

102. "2009 Firearms Instructor Certificate of Completion [Nguyen]" (Log No. 107)

103. "2019 Firearms Instructor Update Certificate of Completion [Nguyen]" (Log No. 108)

104. "2009 Firearms/Rifle Instructor Certificate of Completion [Nguyen]" (Log No. 109)

105. "2019 Firearms/Rifle Instructor Update Certificate of Completion [Nguyen]" (Log No. 110)

106. "2011 First Aid/CPR Certificate of Completion [Nguyen]" (Log No. 111)

107. "2015 First Aid-CPR-AED Instructor Certificate of Completion [Burton]" (Log No. 112)

108. "Field Training Officer Letter of Interest" (Log No. 113)

109. "Gangs & Drugs Course Roster [Nguyen]" (Log No. 114)

110. "Acknowledgements of General Orders [Nguyen & Burton]" (Log No. 115)

111. "Hate Crime Training Course Roster [Nguyen]" (Log No. 116)

112. "2012 Hazmat/WMD Response Certificate of Completion [Nguyen]" (Log No. 117)

113. "2012 Hazmat/WMD Response Certificate of Completion [Nguyen]" (Log No. 118)

114. "2015 IIPP Certificate of Completion [Burton]" (Log No. 119)

7

**STIPULATED PROTECTIVE ORDER RE: CSU DISCOVERY**
*Munoz v. Bd. of Trs. of the Cal. State Univ.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01692-MCE-CKD

115. "2021 IIPP Certificate of Completion [Burton]" (Log No. 120)

116. "2021 Implicit Bias Certificate of Completion [Nguyen]" (Log No. 121)

117. "2015 IIPP Certificate of Completion [Nguyen]" (Log No. 122)

118. "2016 Law Enforcement First Aid/CPR Certificate of Completion [Burton]" (Log No. 123)

119. "2013 Law Enforcement First Aid/CPR Certificate of Completion [Nguyen]" (Log No 124)

120. "2016 Law Enforcement First Aid/CPR Certificate of Completion [Nguyen]" (Log No. 125)

121. "2021 "Legally Justified" Certificate of Completion [Nguyen]" (Log No. 128)

122. "2011 Less Lethal Weapons Certificate of Completion [Nguyen]" (Log No. 129)

123. "2016 Long Rifle Instructor Certificate of Completion [Nguyen]" (Log No. 130)

124. "LTFA Operator Certificate of Completion [Nguyen]" (Log No. 131)

125. "2013 "Managing Events in the 21st Century" Certificate of Completion [Nguyen]" (Log No. 132)

126. "2016 "Managing Events in the 21st Century" Certificate of Completion [Burton]" (Log No. 133)

127. "New Employee Orientation [Nguyen]" (Log No. 140)

128. "2011 New Supervisor's Training Certificate of Completion [Nguyen]" (Log No. 141)

129. "Notice of Appointment [Nguyen]" (Log No. 142)

130. "Memorandum re Notice of Administrative Investigation (IA2021-B)" (Log No. 143)

131. "Memorandum re Notice of Administrative Investigation (IA2021-C)" (Log No. 144)

132. "2016 P320 Armorer Certificate of Completion [Nguyen]" (Log No. 145)

133. "2010 People Skills Certificate of Completion [Nguyen]" (Log No. 146)

134. "Staff Performance Evaluations [Burton]" (Log No. 147)

135. "Personnel Transaction Forms" (Log No. 148)

136. "2016 Preventing Discrimination and Harrassment Certificate of Completion [Nguyen]" (Log No. 149)

8

**STIPULATED PROTECTIVE ORDER RE: CSU DISCOVERY**
*Munoz v. Bd. of Trs. of the Cal. State Univ.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01692-MCE-CKD

137. "2009 PSP Training [Nguyen]" (Log No 150)

138. "Public Health Emergencies Course Roster [Nguyen]" (Log No. 151)

139. "2007 Pursuit Driving Training [Nguyen]" (Log No. 152)

140. "Racial Profiling Course Roster [Nguyen]" (Log No 153)

141. "2009 Remington M-870 Police Armorer Certificate of Completion [Nguyen]" (Log No. 161)

142. "Response to Infant Death Course Roster [Nguyen]" (Log No. 162)

143. "Responsibility for Children Course Roster [Nguyen]" (Log No. 163)

144. "2015 Sexual Assault Patrol Response Certificate of Completion [Burton]" (Log No. 164)

145. "2016 Simunition FX Scenario Certificate of Completion [Nguyen]" (Log No. 165)

146. "2018 Sovereign Citizen Extremists Certificate of Completion [Burton]" (Log No. 166)

147. "2015 Supervisor Anti-Harrassment Certificate of Completion [Burton]" (Log No 167)

148. "Supporting Returning Military Course Roster [Nguyen]" (Log No. 168)

149. "2017 Supervisor Anti-Harrassment Certificate of Completion [Burton]" (Log No. 169)

150. "2010 Survival Shooting Certificate of Completion [Nguyen]" (Log No. 170)

151. "2017 Tactical Communication Certificate of Completion [Nguyen]" (Log No. 171)

152. "2016 Tactical Low Light Certificate of Completion [Nguyen]" (Log No. 172)

153. "Taser Certification [Burton]" (Log No. 173)

154. "Taser Certification [Nguyen]" (Log No. 174)

155. "Taser User Certification Forms [Nguyen]" (Log No. 175)

156. "Taser Release and Liability Forms [Nguyen]" (Log No. 176)

157. "2020 Title IX Certificate of Completion [Burton]" (Log No. 177)

158. "Achieving Training Excellence Course Roster [Nguyen]" (Log No. 178)

159. "2019 Use of Force Instructor Legal Update Certificate of Completion [Nguyen]" (Log No. 179)

160. "Vehicle Pursuit Policy Training Documents [Nguyen]" (Log No. 180)

161. "Memorandum" from Mark Iwasa (Log No. 181)

162. "Letter" from Jackie Kernen to Vincent Burton (Log No. 182)

9

**STIPULATED PROTECTIVE ORDER RE: CSU DISCOVERY**
*Munoz v. Bd. of Trs. of the Cal. State Univ.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01692-MCE-CKD

163. "New Employee Orientation [Burton]" (Log No. 183)

164. "Letter re request for conversion of public safety positions from temporary to permanent" (Log No. 184)

165. "Letter re change in status" from Jackie Kernen to Vincent Burton (Log No 185)

166. "Letter re offer of employment" (Log No. 186)

167. "University Staff Position Description Form [Burton]" (Log No. 187)

168. "Application for Employment [Burton]" (Log No. 188)

<u>Particularized Need for Protection</u>:

Pursuant to E.D. Cal. L.R. 141.1(c)(2), Defendants maintain that a specific, particularized need for protection exists as to the information covered by this Protective Order. In good faith, Defendants represented to the Court that the materials designated as "Confidential" under this Protective Order are limited solely to those which would qualify for protection under Fed. R. Civ. P. 26(c), and do not include information which has been designated on an indiscriminate basis. *See*, *e.g.*, *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (identifying a two-part test for obtaining a protective order under Fed. R. Civ. P. 26(c)).

<u>Showing of Need for a Protective Order</u>:

Pursuant to E.D. Cal. L.R. 141.1(c)(3), the need for protection pursuant to this Protective Order is for the convenience of Defendants and the Court. Defendants seek to avoid litigation and expenditure of resources concerning a potential Fed. R. Civ. P. 26(c) motion for protective order. The entry of this Protective Order may prevent the parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection under Fed. R. Civ. P. 26(c), in favor of a procedure whereby presumptive protection is afforded based on Defendants' good faith representations. *See*, *e.g.*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) ("[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn [Fed. R. Civ. P.] 26(c) on its head."). As a result, production may be made with this Protective Order in place and, if necessary, will permit discrete and narrowed challenges to the documents covered by this Protective Order.

10

**STIPULATED PROTECTIVE ORDER RE: CSU DISCOVERY**
*Munoz v. Bd. of Trs. of the Cal. State Univ.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01692-MCE-CKD

**D.    TERMS OF THE PROTECTIVE ORDER**

Confidential Documents subject to protection may be designated as "Confidential" by the Defendants and produced subject to the following Protective Order:

1. The Confidential Documents shall be used solely in connection with the above-captioned civil case, and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2. Defendants will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential."

3. The Confidential Documents may only be disclosed to the following persons:

    a. The parties to this action, including Plaintiff and Defendants;

    b. Mark E. Merin and Paul H. Masuhara of the LAW OFFICE OF MARK E. MERIN, partners and associate attorneys in that office, if any, as counsel for Plaintiff in the case enumerated above;

    c. Steven J. Rothans and Jonathan D. Redford of CARPENTER, ROTHANS & DUMONT LLP, partners and associate attorneys in that firm, if any, as counsel for Defendants in the case enumerated above;

    d. Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (b) and (c), immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

    e. Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

    f. Any expert, consultant, or investigator retained in connection with this action; however, such persons must be advised of and abide by this protective order;

    g. The finder of facts at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel; and

    h. Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

4. Information covered by this Protective Order does not automatically entitle the Parties to file such information or documents with the Court under seal. Any request to seal documents is governed by E.D. L.R. 141. If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to E.D. Cal. L.R. 141. If permission is granted, the Confidential Documents will be filed and served in accordance with E.D. Cal. L.R. 141.

5. The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

6. Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a

12

**STIPULATED PROTECTIVE ORDER RE: CSU DISCOVERY**
*Munoz v. Bd. of Trs. of the Cal. State Univ.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01692-MCE-CKD

confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.  Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

8.  The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

9.  The protections conferred by this Protective Order cover the information defined above, as well as any information copied from the materials. However, the protections conferred by this Protective Order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

10. After the conclusion of this litigation, the Confidential Documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

11. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

13

**STIPULATED PROTECTIVE ORDER RE: CSU DISCOVERY**
*Munoz v. Bd. of Trs. of the Cal. State Univ.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01692-MCE-CKD

12. The parties may request additional records to be subject to this Stipulated Protective Order. If a party believes a document to be produced should be subject to this Stipulated Protective Order, the parties must meet and confer. If there is agreement, the parties shall submit an amendment to this Stipulated Protective Order to identify the additional documents. If the parties cannot agree, a Motion for Protective Order shall be filed accordingly.

13. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

IT IS SO STIPULATED.

Dated: June 6, 2022

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

By:   /s/: Paul H. Masuhara
    Mark E. Merin
    Paul H. Masuhara

    Attorneys for Plaintiff
    FRANCISCO MUNOZ

Dated: June 6, 2022

Respectfully Submitted,
CARPENTER, ROTHANS & DUMONT LLP

By:   /s/: Jonathan D. Redford
    Steven J. Rothans
    Jonathan D. Redford

    Attorneys for Defendants
    BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SACRAMENTO STATE POLICE DEPARTMENT, MARK IWASA, VINCENT BURTON, and DOUGLAS NGUYEN

14

**STIPULATED PROTECTIVE ORDER RE: CSU DISCOVERY**
*Munoz v. Bd. of Trs. of the Cal. State Univ.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01692-MCE-CKD

**ORDER**

Pursuant to the Parties' stipulation, IT IS SO ORDERED.

Dated:  June 7, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15

**STIPULATED PROTECTIVE ORDER RE: CSU DISCOVERY**
*Munoz v. Bd. of Trs. of the Cal. State Univ.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01692-MCE-CKD